**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF NEW YORK MELLON CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOHN W. MANN, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:16-cv-01895-GMN-CWH <br><br> **ORDER** |

Pending before the Court is the Motion for Remand, (ECF No. 4), filed by Plaintiff Bank of New York Mellon, Corp. ("Plaintiff"). Pro se Defendant John W. Mann ("Defendant") filed a Response, (ECF No. 12), and Plaintiff filed a Reply, (ECF No. 18). For the following reasons, the Court GRANTS the Motion.

## I. BACKGROUND

Plaintiff initiated this case in state court by filing a Verified Complaint for Unlawful Detainer ("Complaint"), seeking possession of the real property located at 775 Spanish Drive, Las Vegas, NV 89110 ("the Property"). (*See* Ex. A to Pet. for Removal ("Compl."), ECF No. 1). Plaintiff alleges that it purchased the Property at a trustee's sale, but Defendant remained in possession of the Property. (*Id.* ¶¶ 4–8). Plaintiff requests as relief possession of the Property, rent of no more than $1,000.00, and costs and fees in the total amount of $596. (*Id.* at 9–10). Defendant subsequently removed the case to this Court. (*See* Pet. for Removal, ECF No. 1).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Among other cases, the district courts of the United States have original jurisdiction of civil actions where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).

The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman–Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990).

### III.  DISCUSSION

Defendant asserts that removal is proper pursuant to 28 U.S.C. § 1332 because a separate case involving the same parties and Property has been removed to this Court. (*See* Pet. for Removal ¶ 18, ECF No. 4). In addition, Defendant "concedes that he is a resident of the state of Nevada" and contends that "the amount in controversy exceeds the sum of $75,000." (Resp. 5:16–19).

Defendant misconstrues the requirements for diversity jurisdiction. The existence of a related case in federal court does not allow the Court to exercise subject matter jurisdiction over a separately filed case. *See, e.g.*, *Viropro, Inc. v. Amsel*, No. 2:06-cv-01367-LRH-GWF, 2007 WL 37670, at *1 (D. Nev. Jan. 4, 2007). Instead, to establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties; and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis

of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000; or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004).

As a preliminary matter, even where complete diversity exists between parties, an action cannot be removed by a local defendant, i.e. a defendant who is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); *Spencer v. U.S. Dist. Ct.*, 393 F.3d 867, 870 (9th Cir. 2004). In the instant action, Defendant is a citizen of Nevada. (*See* Pet. for Removal, ECF No. 1). Therefore, Defendant, a local citizen, cannot remove the action. Notwithstanding this defect, removal is nevertheless improper for failure to satisfy the amount in controversy requirement. Plaintiff seeks possession of the Property and claims up to $1,000.00 in rent. (*See* Compl. ¶ 10). Clearly, the amount at stake in the underlying action is less than $75,000.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 4), is **GRANTED** and this case is hereby **REMANDED** to the Eighth Judicial District Court. The Clerk of Court shall remand this case back to state court and thereafter close this Court's case.

**DATED** this __31__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge